Hon. Jay A. Garcia-Gregory

Salvador Simao, Esq.
U.S. Department of Labor
Officer of the Solicitor, Region II
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2082

RECEIVED & FILED

02 JUN 21 PM 3: 39

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO
-------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,        :       Civil Action
United States Department of Labor
                                           :       File No.
             Plaintiff,
                                           :       98-2223 (JAG)
        v.
                                           :

SHALOM RENTAL AND SALES                    :       **CONSENT JUDGMENT**
CORPORATION, formerly known as
SHALOM GERIATRIC FACILITY, Inc. and        :
ELIZABETH MOLINA SUAZO, Individually
and as President of SHALOM GERIATRIC       :
FACILITY, Inc.
                                           :
             Defendants.
-------------------------------------------------

Plaintiff, hereinafter called the Secretary, has filed her complaint and defendants appeared by Counsel and an agreement was reached by the parties to resolve the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment, and that the defendants, without admitting the alleged violations, consent to the entry of this Judgment; it is, therefore, upon motion of the attorneys for plaintiff and for good cause shown:

I.   ORDERED, ADJUDGED, AND DECREED that defendants Shalom Rental and Sales Corporation and Elizabeth Molina Suazo, their



officers, agents, servants, and employees, and all persons acting or claiming to act in their interest and behalf be, and they hereby are, permanently enjoined and restrained from violating the provisions of section 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. § 201 _et seq._), hereinafter called the Act, in any of the following manners:

(1) Defendants shall not, contrary to section 6 of the Act, employ any of their employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of the Act, for a wage rate less than the minimum wage rate now, or which in the future shall become, applicable under sections 6 and 15(a)(2) of the Act.

(2) Defendants shall not, contrary to section 7 of the Act, employ any of their employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516; and

Further, the Court finding, as agreed by Defendants, that for a total of $77,000, $32,500 in minimum wage and overtime compensation and $32,500 in liquidated damages, are due certain employees plus post-judgment interest, according to Schedule A, a supplement to be provided to the Court within 30 days, it is:

II. ORDERED, ADJUDGED, AND DECREED that the defendants Shalom Rental and Sales Corporation, and Elizabeth Molina Suazo be, and hereby are, restrained from the withholding of the payment of the sum of SEVENTY SEVEN THOUSAND DOLLARS ($77,000) plus post-judgment interest. Payment of the aforesaid sum shall be made in one lump-sum payment of $7,000 and the remaining $70,000 will be paid in THIRTY (30) monthly installments of $2,500 each or until the judgement is satisfied. **The first installment of $2,500 will be made on July 15, 2002.** The lump-sum payment of $7,000 shall be paid by defendants on or before September 15, 2002. The remainder of the monthly payments shall be on or before the 15th of each month according to Schedule A.

All payments shall be made by delivering individual checks made payable to both "Individual Employee and Wage and Hour-Labor," according to Schedule A. Payments of minimum wage and overtime compensation as listed on Schedule A shall be any less legal deductions. All payments shall be delivered to the U.S. Department of Labor, Wage and Hour Division, Caribbean District Office, San Patricio Office Center, 7 Tabonuco Street, Room 402, Guaynabo, PR 00968.

In the event that any one installment payment is not made within 10 days of the due date as set forth above, all remaining installment payments become due immediately.

Neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as minimum wage and overtime compensation or liquidated damages under this Judgment.

Defendants shall assist the U.S. Department of Labor in the distribution of the back wages and liquidated damages by providing the names, addresses, social security numbers, phone numbers and periods of employment of any employee who worked for them from February 1, 1998 to the present.

III. IT IS FURTHER ORDERED ADJUDGED, AND DECREED that any sums which cannot be distributed to employees named in Schedule A, or to their personal representatives because of inability of either defendants or plaintiff to locate the proper persons, or because of such persons' refusal to accept such sums, shall be deposited by the Secretary of Labor in a special deposit account to be paid to the rightful employee. When recovered wages have not been claimed by the employee within three (3) years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts.

IV. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither the commencement of this action nor the provisions of this consent judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed in

Schedule A, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Schedule A to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after June 20, 2002.

V. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED:

_____
UNITED STATES DISTRICT JUDGE

Defendants appeared by counsel
and Waived any defense to the
Complaint and the entry of this
Judgment is hereby consented to.


BY: _____
SHALOM RENTAL AND SALES, INC.
A Corporation

_____
ELIZABETH MOLINA SUAZO

_____
ANIBAL ESCANELLAS, ESQ.
Attorney for SHALOM SALES AND RENTALS, Inc.
And ELIZABETH MOLINA SUAZO

5

COMMONWEALTH OF            )
                                          SS:
PUERTO RICO                    )
Affidavit No. 1428

On the 20 day of June 2002 before me personally appeared ELIZABETH MOLINA SUAZO to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.



NOTARY

8



COMMONWEALTH OF        )
                       :SS
PUERTO RICO            )

Affidavit No. 1427

On the 20 day of June 2002 before me came ELIZABETH MOLINA SUAZO, to me known, who, being by me duly sworn, did depose and say that he is the President of SHALOM RENTALS AND SALES CORPORATION, the corporation described in and which executed the foregoing instrument and that he signed his name thereto by like order.



NOTARY

RESOLVED, that the corporation, SHALOM SALES AND RENTAL, CORPORATION, hereby ratifies and confirms the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the violations of the Fair Labor Standards Act of 1938, as amended, and that the said Corporation consents to the entry of a Judgment against it, said Judgment to be entered in an action which has been filed by ELAINE L. CHAO, Secretary of Labor, against the corporation and the officers of the corporation be, and they hereby are, authorized to do and perform all acts and things necessary to effectuate the provisions of said Judgment and any or all stipulations, amendments, and changes therein.

The undersigned ELIZABETH MOLINA SUAZO, President of SHALOM RENTAL and SALES, CORPORATION, hereby certifies that the foregoing is a true copy of a resolution adopted by the Corporation, as evidenced by the signature of the officer of the Corporation who is duly authorized to bind the Corporation to the terms of this injunction against it. The undersigned further certifies that ELIZABETH MOLINA SUAZO, whose signature appears below is President of said corporation and that he has been duly authorized by said resolution to execute the aforementioned consent to the entry of said Judgment on behalf of the corporation.

_____
PRESIDENT

_____
AUTHORIZED OFFICER

6